```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

SAMUEL SEAY,

                       Petitioner,

    -vs-

SUPERINTENDENT KHAHAIFA,

                       Respondent.

**No. 10-CV-0975(MAT)**
**DECISION AND ORDER**

## I. Introduction

By a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, pro se petitioner Samuel Seay ("Seay" or "Petitioner") attacks the constitutionality of his detention in Respondent's custody. Petitioner is incarcerated pursuant to a judgment of conviction entered against him on May 26, 2009, in Erie County Court of New York State Supreme Court, following his guilty plea to one count of second degree assault and one count of aggravated criminal contempt.

## II. Factual Background and Procedural History

Petitioner's conviction stems from an incident in which he stabbed an acquaintance on February 15, 2008. The victim, who had an order of protection against Petitioner in place, was stabbed multiple times. Petitioner was indicted on one count of assault in the second degree, one count of aggravated criminal contempt, one count of criminal possession of a weapon in the third degree, and one count of criminal contempt in the second degree. With the

assistance of counsel, Petitioner elected to plead guilty to second degree assault and second degree criminal contempt in full satisfaction of the indictment.

On May 26, 2009, Petitioner was sentenced, pursuant to the plea agreement, to a determinate term of imprisonment of three years followed by five years of post-release supervision for the assault conviction and a concurrent term of one year for the criminal contempt conviction. Petitioner's counsel did not file a Notice of Appeal, and Petitioner did not pursue a pro se direct appeal of his conviction.

On September 16, 2009, Petitioner a pro se motion to vacate the judgment to New York Criminal Procedure Law ("C.P.L.") § 440.10, asserting that he had discovered new evidence, that defense counsel had committed misconduct and had misrepresented information in connection with his guilty plea; the indictment was defective; and that his sentence was illegal. On November 9, 2009, Petitioner filed a pro se motion to set aside his sentence pursuant to C.P.L. § 440.20, claiming that the sentence did not comply with the plea agreement.

On December 23, 2009, the trial court denied both motions on the merits. Leave to appeal to the Appellate Division, Fourth Department, of New York State Supreme Court was denied July 8, 2010. Petitioner then requested leave to appeal to the New York Court of Appeals, but this application was dismissed as the

underlying order was not appealable as a matter of law. See N.Y. Crim. Proc. Law § 450.10.

This timely habeas petition followed in which Petitioner asserts a veritable laundry list of complaints. Respondent's answer to the petition asserts that virtually all of the claims are unexhausted and procedurally defaulted and, in any event, uniformly without merit. For the reasons set forth below, habeas relief is denied, and the petition is dismissed.

**III. Analysis of the Petition**

    **A.   Ground One**

Petitioner asserts that (1) defense counsel, the prosecutor, and the trial court conducted a Sandoval hearing in his absence; (2) defense counsel, the prosecutor, and the police knew that the victim allegedly made "intrusions" into his home, "assaulting" him by "throwing hot cooking grease burning the [Petitioner's] scalp and forehead while being asked to leave the [Petitioner's] home"; (3) Petitioner was coerced into pleading guilty or be subjected to a "consecutive sentence from a CPL 710.30 statement [sic]" of which Petitioner was "denied [sic] to review"; and (4) the trial court "chose to suppress the officer's statement and proceed with a Huntley hearing without the presence or verification of Lieutenant Paul Flanagan." Petition, ¶12(A) (Docket No. 1).

Before a federal court may consider the merits of a habeas claim, a petitioner is first required to exhaust his available state court remedies. See 28 U.S.C. § 2254(b)(1). To properly

exhaust a habeas claim, a petitioner is required to present that claim to each available level of the state courts. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (a habeas petitioner must invoke "one complete round of the State's established appellate review process").

As Respondent notes, these claims are unexhausted. Petitioner did not perfect a direct appeal of his conviction, and although he did collaterally challenge his conviction and sentence pursuant to C.P.L. § 440.10 and C.P.L. § 440.20 motions, he did not raise the allegations asserted in Ground One of the petition in those applications.

Under the 1996 amendments to the federal habeas statute, courts now have the authority to deny petitions containing unexhausted claims on the merits. See 28 U.S.C. § 2254(b)(2). "[I]n habeas corpus cases, 'potentially complex and difficult issues about the various obstacles to reaching the merits should not be allowed to obscure the fact that the underlying claims are totally without merit.'" Boddie v. New York State Division of Parole, 288 F. Supp.2d 431, 439 (S.D.N.Y. 2003) (quoting Brown v. Thomas, No. 02 Civ. 9257, 2003 WL 941940, at *1 (S.D.N.Y. Mar. 10, 2003)). Here, Seay's claims in Ground One may be readily denied on the merits and therefore the Court does not address the exhaustion issue.

Petitioner's claim that the trial court held a Sandoval hearing without his knowledge is factually baseless. Nothing in the

record indicates that a <u>Sandoval</u> hearing was ever conducted. Similarly, Petitioner's claim that the trial court proceeded with a <u>Huntley</u> hearing without the officer's presence is also factually baseless. There is no indication in the record that a <u>Huntley</u> hearing was held.

Petitioner's claim that he was coerced into pleading guilty is belied his sworn statements to the trial judge. A court may ascertain that a defendant "knowingly" and ""voluntarily" entered into a plea agreement from, among other things, his allocution statements. <u>United States v. Hernandez</u>, 242 F.3d 110, 112 (2d Cir. 2001). Statements made by a defendant at a plea allocution carry a "strong presumption of veracity." <u>United States v. Torres</u>, 129 F.3d 710, 715 (2d Cir. 1997) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)). Prior to pleading guilty, Petitioner assured the trial court that he had had enough time to speak with his attorney before pleading guilty and that he was satisfied with his attorney's services. Petitioner confirmed that no one, including the court, his lawyer, or the police, had influenced him in any way to plead guilty.

Petitioner's contention that he was denied review of the C.P.L. § 710.30 notice is contradicted by the record which demonstrates that a copy of the C.P.L. 710.30 notice was furnished to Petitioner at his arraignment on July 24, 2008. <u>See</u> Respondent's Exhibit ("Resp't Ex.") A (Trial Court Notes of the Proceeding).

**B.    Ground Two**

Under Ground Two, Petitioner asserts that (1) defense counsel, in covert phone conversations with Petitioner's family, persuaded them to coerce him into pleading guilty; (2) defense counsel gave him false information and coerced him into pleading guilty; (3) defense counsel did not "protest the rights of the eyewitness to testify in the grand jury proceedings, the witnesses were denied to testify"; (4) Petitioner was not informed of a Sandoval hearing; and (5) after Petitioner had been sentenced, he learned of the "true" C.P.L. § 710.30 statement of Lieutenant Flanagan that discusses the victim's "intrusion" into Petitioner's home; (6) the C.P.L. § 710.30 statement "diverts" the fact that Lieutenant Flanagan did arrest petitioner without a warrant or without a 911 call to his residence; (7) defense counsel withheld the "true" C.P.L. § 710.30 statement from Petitioner and the court; and (8) Lieutenant Flanagan was not present at the Huntley hearing.

These claims are unexhausted but should be dismissed under the authority set forth in 28 U.S.C. § 2254(b)(2). As discussed above, all of the claims pertaining to the alleged Sandoval and Huntley hearings and the C.P.L. § 710.30 are factually baseless.

Petitioner's complaints about defense counsel's allegedly coercive behavior are unsupported by anything other than his own self-serving, unverified assertions. Furthermore, his claims concerning trial counsel and his family are belied by the record. As discussed above, Petitioner assured the trial court that no one

coerced him into pleading guilty and that was entering the pleas voluntarily and of his own free will. See Resp't Ex. B at 9 (Plea Minutes).

Finally, Petitioner's assertions concerning defense counsel's preclusion of witnesses testifying in the grand jury are utterly nonsensical and unsupported by any facts or law.

**C.   Ground Three**

Under Ground Three, Petitioner asserts that (1) the trial court chose to suppress the C.P.L. § 710.30 statement without the officer's verification or presence in court; (2) Petitioner was unaware of the "true" C.P.L. § 710.30 statement; (3) Petitioner was unlawfully arrested after a forced entry into his home without a warrant or 911 call; (4) that "charges in the indictment [were] not indicted"; (5) Petitioner's "NYSIIS" ("rap sheet") contains an error regarding his convictions; (6) Petitioner was illegally sentenced; and (7) defense counsel failed to object to the grand jury's refusal to hear testimony from a witness. But for Petitioner's claim that his sentence was illegal, all of the remaining assertions in Ground Three are unexhausted and, moreover, entirely meritless.

Petitioner's first two contentions pertaining to the alleged suppression of the C.P.L. § 710.30 notice are factually baseless, as discussed above. The record reflects that Petitioner was given a copy of the C.P.L. § 710.30 notice at his arraignment. His

contention that the notice was somehow tainted or falsified is wholly speculative.

With regard to Petitioner's third contention that he was subjected to an illegal arrest, habeas review of Fourth Amendment claims brought by petitioners who have pleaded guilty is foreclosed. This is because where, as here, a defendant enters a counseled and voluntary guilty plea, it "conclusively establishes his factual guilt on the . . . charge; how the supporting evidence was recovered is irrelevant." United States v. Gregg, 463 F.3d 160, 166 (2d Cir. 2006) (citing Menna v. New York, 423 U.S. 61, 62 n. 2 (1975)).

Petitioner's fourth contention–that he was not indicted on charge to which he pled guilty–is precluded from habeas review. Inasmuch as this claim relates to an alleged defect in the indictment, it was waived by Petitioner's knowing, voluntary, and intelligent guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (explaining that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights). Petitioner's seventh contention–that counsel failed to ensure the testimony of a particular witness before the grand jury–is likewise foreclosed by Petitioner's guilty plea. See id.

Petitioner's fifth charge pertaining to an error in his "rap sheet" generated the by New York State Identification and Intelligence System is not cognizable on federal habeas review as

it fails to allege any error of federal constitutional magnitude. See 28 U.S.C. § 2254(a). NYSIIS is a creature of New York state statute. People v. Jennings, 54 N.Y.2d 518, 521 n.2 (N.Y. 1984). Petitioner must direct any request for redress to the New York State Division of Criminal Justice Services, which is the agency charged with the responsibility of maintaining criminal records. Ortiz v. Supreme Court of N.Y. Cty., 199 A.D.2d 160, 160, 605 N.Y.S.2d 267, 267 (App. Div. 1st Dept. 1993).

Petitioner's only exhausted claim in Ground Three, the sixth contention pertaining to his allegedly illegal sentence, is without merit. As the state court found, it is "patent that the terms imposed were legal, valid and authorized by statute." Erie County Court Order dated 12/23/09 at 3 (citing N.Y. Penal Law §§ 60.05(6), 60.01(3), 70.06(6)(b), 70.15(1), 70.45(2)), attached to Petition (Docket No. 1). Because Petitioner's sentence was within the applicable statutory limits, his claim presents no constitutional question cognizable on federal habeas review. White v Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

**D.   Ground Four (Addendum to Petition)**

Under Ground Four, Petitioner contends that 1) defense counsel and the prosecution withheld favorable evidence; 2) that the grand jury proceedings were defective; 3) that counsel erred in failing to file a timely notice of appeal despite Petitioner requesting that he do so; and 4) defense counsel's performance was deficient

because he did not address injuries Petitioner claims he sustained during the incident.

As discussed above, Petitioner's allegations of defects in the grand jury are foreclosed by his guilty plea. See Tollett v. Henderson, 411 U.S. at 267 (explaining that "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case"); Menna, 423 U.S. at 62 n. 2 (a guilty plea "simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established").

Petitioner's contention that favorable evidence was withheld is based solely on speculation and cannot form a basis for habeas relief. See United States v. Upton, 856 F. Supp. 727, 746 (E.D.N.Y. 1994) (As a matter of law, mere speculation by a defendant that the government has not fulfilled its obligations under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is not enough to establish that the government has, in fact, failed to honor its discovery obligations.").

Petitioner's complaints regarding trial counsel's performance-the failure to file a notice of appeal and failure to notify the court of injuries allegedly sustained by Petitioner during the incident-do not pertain to counsel's advice concerning Petitioner's decision to plead guilty. Habeas review of them therefore is

foreclosed. See Tollett v. Henderson, 411 U.S. at 267 (stating that a defendant who has pleaded guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was constitutionally deficient).

## IV. Conclusion

For the reasons stated above, Samuel Seay's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition (Docket No. 1) is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   January 13, 2012
         Rochester, New York